UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE KEYS

        Plaintiff,

v.

CENTRAL MORTGAGE COMPANY,
JOHN C. FOSTER, and ANTHONY
WICKERSHAM,

        Defendants.

Case No. 13-CV-13818
Honorable Denise Page Hood

_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court pursuant to Plaintiff's Motion for Default Judgment pursuant to Rule 55 for the failure to answer or otherwise defend against Defendants Central Mortgage and Trott & Trott **[Docket No. 10, filed December 17, 2013]**. Defendants Central Mortgage and Trott & Trott replied to the Plaintiff's Motion **[Docket No. 20, filed May 20, 2014].**

Plaintiff made the following allegations against the Defendants in his Complaint filed September 6, 2013: (1) Violation of 42 U.S.C. §1983; (2) Violation of 42 U.S.C. §1983 and 1985(3): conspiracy; (3) Violation of 42 U.S.C. §1983: refusing or neglecting to prevent; (4) Malicious abuse of process; (5) Title

18 U.S.C. Section 241 and 242 conspiracy; (6) Intentional infliction of emotional distress; (7) Mail Fraud; and (8) Fraud.

The Federal Rules of Civil Procedure require the Plaintiff to serve Defendants with the complaint and summons in the following manner:

> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

Fed. R. Civ. P., 4(c).

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment (*Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986)). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default" (Fed. R. Civ. P. 55(a)). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter (Fed. R. Civ. P. 55(b)(2)).

Plaintiff claims that Central Mortgage and Trott & Trott have failed to plead or otherwise defend themselves against the claims in the complaint. Defendants argue in their reply that the Motion should be denied, because Plaintiff has failed to serve Central Mortgage and Trott & Trott in a manner required by the court rules, and Plaintiff has failed to seek entry of default by the Clerk. The Court agrees with Defendants.

Plaintiff's Certificate of Service states that Plaintiff served a copy of the summons and complaint on Trott & Trott to one of Trott & Trott's attorneys, Charles Milne. This violates FRCP Rule 4(c), because Plaintiff cannot serve process, and neither Trott & Trott nor Attorney Charles Milne is an agent of Central Mortgage.

Plaintiff has not sought entry of default by the Clerk against Central Mortgage or Trott & Trott. It is procedurally improper for Plaintiff to move for entry of default judgment without first obtaining the entry of default pursuant to FRCP 55(a) (*See Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986)). Plaintiff fails to list Trott & Trott as a defendant in the case caption and does not mention it in the Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment against Defendants Central Mortgage and Trott & Trott **[Docket No. 10, filed December 17, 2013]** is **DENIED**.

**IT IS SO ORDERED.**

Dated:  September 30, 2014                     s/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager

4