UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE KEYS

        Plaintiff,

v.

CENTRAL MORTGAGE COMPANY,
JOHN C. FOSTER, and ANTHONY
WICKERSHAM,

        Defendants.
_____/

Case No. 13-CV-13818
Honorable Denise Page Hood

## MEMORANDUM, ORDER, and OPINION REGARDING VARIOUS MOTIONS

This matter comes before the Court pursuant to Defendants John C. Foster and Anthony Wickersham's Motion to Dismiss (In Lieu of Responsive Pleadings) **[Docket No. 2, filed October 1, 2013]**. Plaintiff filed a Motion in Opposition to Defendants' Motion to Dismiss. **[Docket No. 4, filed October 24, 2013]**. Also before the Court is Plaintiff's Motion to Rule on the Pleadings. **[Docket No. 5, filed November 6, 2013]**. Included in Plaintiff's Motion was a separate motion that Plaintiff captioned "Motion For Summary Judgment Rule 56." **[Docket No. 5 at 3]**. For the reasons stated below, Defendants' motion is **GRANTED**, as to

Defendants Foster and Wickersham only.  Plaintiff's motions are deemed **MOOT**[1].

## I. BACKGROUND

The Court's understanding of the facts is as follows:  Plaintiff resides in the Township of Macomb, Michigan.  On or about June 29, 2012, a third party sent an Electronics Funds Transfer (EFT) to Defendant Central Mortgage Company.  Plaintiff asserts that the EFT was sent via U.S. Mail and a notarized affidavit was attached.  Plaintiff alleges that unbeknownst to him, he signed an unconscionable contract to purchase real property located at 22311 Denton, Macomb, Michigan 48044.  Plaintiff contends that the contract is void ab initio because there was an alteration to the note because "pay to the order of" was not on the original note that he signed.

Additionally, Plaintiff argues that Defendants committed fraud.  Plaintiff states that "[a]n unknown monetary amount was acquired by Plaintiffs obtaining a blue ink signature on the promissory note."  Plaintiff contends that this was fraud and that he was not given "a reasonable opportunity to learn of its fraudulent character, or essential terms."  Plaintiff states that he believed that he was

---

[1] Plaintiff filed a Motion for Summary Judgment **[Docket No. 8, filed December 4, 2013]** and a Motion to Rule on the Pleadings **[Docket No. 9, filed December 4, 2013]**, which are deemed **MOOT** or otherwise **DISMISSED**.

obtaining a loan for the property but "in fact [Defendants] actually created funds obtained by [his] signature on the promissory note." Plaintiff argues this was fraudulent because "[a]t no time of the transaction to purchase the property was there an exchange of any sum of money" to him.

## II. ANALYSIS

In his Complaint, Plaintiff makes eight claims for relief: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. §§ 1983 and 1985(3): conspiracy; (3) violation of 42 U.S.C. § 1983: refusing or neglecting to prevent; (4) malicious abuse of process; (5) Title 18 U.S.C. § 241 and 242 conspiracy; (6) intentional infliction of emotional distress; (7) mail fraud; and (8) fraud. Plaintiff brings these claims against John Foster, Chief Judge of the 16th Circuit Court for the State of Michigan, Anthony Wickersham, Macomb County Sheriff, and Central Mortgage Company.

### a. Defendants' Motion to Dismiss

Defendants John Foster and Anthony M. Wickersham bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which tests the legal sufficiency of a plaintiff's complaint. Accepting all factual allegations as true, the Court reviews the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To

survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon review of Plaintiff's Complaint, it appears to the Court that in essence, Plaintiff argues that he never received "real money" for the mortgage note that he signed. This termed "vapor money" theory and "similar arguments have been rejected by federal courts across the country." *Demmler v. Bank One, NA*, 2006 WL 640499 at * 4 (S.D. Ohio 2006); *see also Carrington v. Federal National Mortgage Assoc.*, 2005 WL 3216226 (E.D. Mich. 2005) (plaintiff's theory "is patently meritless and has been universally rejected by numerous federal courts."); *The Frances Kenny Family Trust v. World Savings Bank FSB*, 2005 WL 106792 (N.D. Cal. 2005) (plaintiff's vapor money theory "has no basis in law" and has been "squarely addressed and rejected by various courts throughout the

4

country."); *Roper v. Mortgage Electronic Registration Sys.*, 2007 WL 3244754 (E.D. Mich. 2007). Plaintiff's complaint, as to the portions that are based on the vapor money theory which the court deems to be the basis of Plaintiff's overall claim, fails to state a cognizable claim against Defendants. To the extent that the Court's reading of Plaintiff's Complaint incorrectly finds the "vapor money" theory, the Court discusses each claim separately below.

The Court notes that Plaintiff brings suit against Defendants Foster, a Circuit Court Judge, and Wickersham, a Macomb County Sheriff. Plaintiff's Complaint generally alleges that Defendants Foster and Wickersham conspired with Central Mortgage Company to deprive him of his federally protected rights. These counts are styled as violations of either or both of 42 U.S.C. § 1983 and § 1985(3), which are both statutory vehicles for bringing such constitutional claims. As relief, Plaintiff seeks monetary damages.

### i. Defendant Foster

As to Defendant Foster, "[a] long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from a suit[.]" *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (citations omitted) (per curiam). The federal doctrine of judicial immunity affords judges absolute immunity from suit arising out of the performance of their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54

(1967).  "Immunity applies even when the judge is accused of acting maliciously and corruptly."  *Id.*  Judges are "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  This immunity covers both federal and state judges and applies to actions alleging a violation of the United States Constitution.  *See Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). The immunity that is afforded judicial officers can be overcome in only two sets of circumstances: (1) liability arising from non judicial actions; and (2) "actions, though judicial in nature, [that are] taken in the complete absence of all jurisdiction."  *Mierles*, 502 U.S. at 10-11(citations omitted).

   In this case, Plaintiff appears to argue that Judge Foster is liable for money damages based on his involvement with the mortgage proceedings the basis of which is the mortgage note Plaintiff signed.  The Court notes that there are no specific allegations made against Judge Foster in the Complaint and Plaintiff asserts no factual basis for any claim against Judge Foster. This alone would be sufficient to dismiss this case against Defendant Foster because Plaintiff has failed to "demonstrate more than a sheer possibility that the defendant's conduct was unlawful." *Twombly*, 550 U.S. at 556.

Assuming, as Plaintiff has not submitted a claim to any other action, that Judge Foster's involvement in this case was that he presided over some proceedings and entered an order that favored Defendant Central Mortgage Company, the order that Judge Foster entered in that action was certainly judicial in nature. Accordingly, Counts I, II, III, and V which seek to state claims against all Defendants under 42 U.S.C. § 1983, § 1985(3), and 18 §§ U.S.C. 241 and 242 are dismissed with prejudice to the extent they seek to hold Judge Foster liable. The Court has reviewed Plaintiff's Complaint. The remaining 4 counts fail to sufficiently allege any specific acts on the part of Judge Foster that would result in a finding of liability. The Court, therefore, grants Judge Foster's Motion to Dismiss and dismisses him from this action in the entirety. Counts I, II, III, and V are dismissed against Defendant Foster with prejudice. The remaining counts, IV, VI, VII, and VIII, to the extent they seek to hold Judge Foster liable, are dismissed without prejudice.

### ii.     Defendant Wickersham

In Count IV of his Complaint, Plaintiff seeks to state a claim against "the Defendants" for malicious abuse of process. (Compl. 11-12.) In Count VI, Plaintiff seeks to state a claim against "Officials" or an "Official" for intentional infliction of emotional distress. (Compl. at 13-14.) In Count VII, Plaintiff seeks

7

to state a claim for mail fraud. (Compl. at 14.) Neither state law tort claim against Sheriff Wickersham is cognizable as Michigan law shields Sheriff Wickersham from suit.

Michigan law provides that "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." Mich. Comp. Laws § 691.1407(5). Sheriff Wickersham was the Macomb County Sheriff during all times relevant to the events complained of in this action. In Michigan, sheriffs are elected. Mich. Comp. Laws § 45.514(1)(c) ("A county charter . . . shall provide for . . . the partisan election of a sheriff . . ."). As such, Sheriff Wickersham is entitled to the immunity provided by Michigan Compiled Laws § 691.1407(5) provided that his actions were taken while acting within the scope of his executive authority.

The Court notes that Plaintiff's Complaint fails to reference Sheriff Wickersham in any individual capacity; the Complaint only makes accusations against Sheriff Wickersham in his official capacity as a Sheriff. Plaintiff also fails to offer any factual allegations that detail the manner in which Defendant Wickersham's participation, if any, was unlawful or violated Plaintiff's rights.

Assuming that Plaintiff's allegations against Sheriff Wickersham stem from a sheriff's sale of the property, the Court notes that a sheriff's sale is a function committed to the authority granted to a county sheriff by law, see Michigan Compiled Laws § 125.1449d, and that Sheriff Wickersham's actions, if taken, were taken within the scope of his executive authority. Sheriff Wickersham is therefore entitled to the immunity provided by Michigan law. *See also HRSS, Inc. v. Wayne Cnty. Treasurer*, 279 F. Supp. 2d 846, 851 (E.D. Mich .2003) (dismissing state law tort claims brought by mortgagors and assignees against sheriff in connection with foreclosure sale because sheriff was entitled to immunity under state law). For this reason, the Court **GRANTS** Defendant Wickersham's Motion to Dismiss as to Counts IV, V, VI, VII, and VIII and these counts only are dismissed against Defendant Wickersham with prejudice.

### iii. Remaining Counts

For purposes of clarity, the Court finds it appropriate to identify the remaining claims before proceeding to analyze them. The following counts remain against the following Defendants:

> (1) Count I - "Violation of 42 U.S.C. § 1983"and Count III-"Violation of 42 U.S.C. § 1983: refusing or neglecting to prevent" against Sheriff Wickersham, and Central Mortgage Company;

  (2) Count II-"Violation of 42 U.S.C. § [§ ] 1983 and 1985(3): conspiracy" against Sheriff Wickersham and Central Mortgage Company;
  (3) Count IV-"Malicious abuse of process" against Central Mortgage Company;
  (4) Count V-"Title 18 U.S.C. [§] 241 and 242 conspiracy" against Sheriff Wickersham and Central Mortgage Company;
  (5) Count VI-"Intentional infliction of emotional distress" against Central Mortgage Company; and
  (6) Count VII-"Mail Fraud" against Central Mortgage Company.

  As to Counts I, II, and III against Defendant Wickersham, Plaintiff's Complaint makes reference to a variety of vaguely-stated constitutional claims generally complaining that Plaintiff was deprived of his rights pursuant to 42 U.S.C. § 1983. To bring a claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish: "'(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Federal courts consider actions "under color of law" as the equivalent of "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838. The Fourteenth Amendmeny's Due Process Clause provides that 'no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

U.S. Const. amend. XIV, § 1. This Amendment governs only state action, not the actions of private citizens or organizations. *Rendell-Baker v. Kohn*, 457 U.S. at 837-38.

Here, the Court is satisfied that Sheriff Wickersham is a state actor for purposes of § 1983. However, Plaintiff's § 1983 claims against Sheriff Wickersham are deficient because Plaintiff fails to provide any particularized facts personally implicating Sheriff Wickersham. Plaintiff has not alleged facts demonstrating that Sheriff Wickersham participated in any sheriff's sale if one took place and as such, Plaintiff cannot plausibly show that Sheriff Wickersham was personally involved in the activities which form the basis of his alleged constitutional violation. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Accordingly, the Court dismisses Plaintiff's § 1983 claims against Sheriff Wickersham, Counts I, II (as it pertains to § 1983), and III without prejudice.

As to Plaintiff's § 1985 claim, a claim of conspiracy to deprive an individual of federally-secured rights brought pursuant to 42 U.S.C. § 1985(3) also requires state action. Plaintiff's 42 U.S.C. § 1985(3) claim fails against Defendant Wickersham as well. Plaintiff attempts to state a claim under 42 U.S.C. § 1985(3), which "prohibits a conspiracy 'for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of

11

equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir.2005) (quoting 42 U.S.C. § 1985(3)). To maintain a cause of action pursuant to a § 1985 claim, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citations omitted). A plaintiff must demonstrate "'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the [defendant's] actions.'" *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 1798 (1971)). In this case, Plaintiff's allegations fail to demonstrate either a conspiracy or "class-based discriminatory animus[,]" and the Court cannot presume such animus existed. *See Newell v. Brown*, 981 F.2d 880, 886 (6th Cir.1992). Accordingly, the Court dismisses Plaintiff's count arising under § 1985(3) without prejudice as to Defendant Wickersham.

    All remaining counts are those against Defendant Central Mortgage Company. Accordingly, Defendants John Foster and Anthony Wickersham are dismissed from this action in the manner delineated above.

III.    **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss **[Docket No. 2, filed October 1, 2013]** is **GRANTED**. As to Defendant John C. Foster, Counts I, II, III, and V are dismissed with prejudice. As to Defendant Anthony Wickersham, Counts IV, V, VI, VII, and VIII are dismissed with prejudice. The remaining counts, Counts I, II (as it pertains to both §§ 1983 and 1985(3)), and III are dismissed without prejudice. The remaining counts, IV, VI, VII, and VIII, to the extent they seek to hold Judge Foster liable, are also dismissed.

**IT IS ALSO ORDERED** that this action is dismissed, in its entirety, as to Defendants Foster and Wickersham, only.

**IT IS ALSO ORDERED** that Plaintiff's Motion to Rule on the Pleadings **[Docket No. 5, filed November 6, 2013]** and Plaintiff's Motion for Summary Judgment Rule 56 **[Docket No. 5]** are deemed **MOOT** as to Defendants Foster and Wickersham.

**IT IS ALSO ORDERED** that Plaintiff's Motion for Summary Judgment pursuant to Rule 56 **[Docket No. 8, filed December 4, 2013]** is deemed **MOOT** as to Defendant Wickersham, as the case is dismissed as to Defendant Wickersham.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Rule on the Pleadings pursuant to FRCP 12(c)(d) **[Docket No. 9, filed December 4, 2013]** is deemed **MOOT** as to Defendants Foster and Wickersham as the case is dismissed against those Defendants.

**IT IS ORDERED** that the Motion to Rule on the Pleadings **[Docket No. 9, filed December 4, 2013]** is **DISMISSED** without prejudice as to all other Defendants as it does not specifically address any Defendant.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager