**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONNIE KEYS

            Plaintiff,

v.                                  Case No. 13-CV-13818
                                  Honorable Denise Page Hood

CENTRAL MORTGAGE COMPANY, *et. al.*,

            Defendants.

_____/

**MEMORANDUM GRANTING DEFENDANT'S**
**MOTION TO DISMISS**

      This matter comes before the Court pursuant to Central Mortgage

Company's Motion to Dismiss or in the Alternative, Motion for Summary

Judgment (In Lieu of Responsive Pleadings) **[Docket No. 21, filed May 20, 2014]**.

Plaintiff filed two Motions in Opposition to Defendant's Motion to Dismiss

**[Docket Nos. 24 & 25, filed June 2, 2014].**  For the reasons stated below,

Defendant's motion is **GRANTED** and Plaintiff's motions are **DENIED**.

**I.**      **BACKGROUND**

      The Court's understanding of the facts is as follows:  Plaintiff resides in the

Township of Macomb, Michigan.  On or about June 29, 2012, a third party sent an

Electronics Funds Transfer (EFT) to Defendant Central Mortgage Company.

Plaintiff asserts that the EFT was sent via U.S. Mail and a notarized affidavit was

attached.  Plaintiff alleges that unbeknownst to him, he signed an unconscionable contract to purchase real property located at 22311 Denton, Macomb, Michigan 48044.  Plaintiff contends that the contract is void *ab initio* because there was an alteration to the note because "pay to the order of" was not on the original note that he signed.

Additionally, Plaintiff argues that Defendants committed fraud.  Plaintiff states that "[a]n unknown monetary amount was acquired by Plaintiffs obtaining a blue ink signature on the promissory note."  Plaintiff contends that this was fraud and that he was not given "a reasonable opportunity to learn of its fraudulent character, or essential terms."  Plaintiff states that he believed that he was obtaining a loan for the property but "in fact [Defendants] actually created funds obtained by [his] signature on the promissory note."  Plaintiff argues this was fraudulent because "[a]t no time of the transaction to purchase the property was there an exchange of any sum of money" to him.

Plaintiff brought this action against Defendants Central Mortgage Company, John C. Foster, and Anthony M. Wickersham.  Defendants Foster and Wickersham have since been dismissed from the case.

## II.   ANALYSIS

In his Complaint, Plaintiff makes eight claims for relief: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. §§ 1983 and 1985(3): conspiracy; (3)

violation of 42 U.S.C. § 1983: refusing or neglecting to prevent; (4) malicious

abuse of process; (5) Title 18 U.S.C. § 241 and 242 conspiracy; (6) intentional

infliction of emotional distress; (7) mail fraud; and (8) fraud.

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), which tests the legal sufficiency of a plaintiff's complaint.

Accepting all factual allegations as true, the Court reviews the complaint in the

light most favorable to the plaintiff (*Eidson v. Tennessee Dep't of Children's Servs*,

510 F.3d 631, 634 (6th Cir. 2007)).  To survive a motion to dismiss, the complaint

must state sufficient "facts to state a claim to relief that is plausible on its face"

(*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must

demonstrate more than a sheer possibility that the defendant's conduct was

unlawful (*Id.* at 556).  Claims comprised of "labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do" (*Id.* at 555).

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Upon review of Plaintiff's Complaint, it appears to the Court that in essence,

Plaintiff argues that he never received "real money" for the mortgage note that he

signed.  This termed "vapor money" theory and "similar arguments have been

rejected by federal courts across the country" (*Demmler v. Bank One, NA*, 2006

WL 640499 at * 4 (S.D. Ohio 2006); *see also Carrington v. Federal National Mortgage Assoc.*, 2005 WL 3216226 (E.D. Mich. 2005) (plaintiff's theory "is patently meritless and has been universally rejected by numerous federal courts."); *The Frances Kenny Family Trust v. World Savings Bank FSB*, 2005 WL 106792 (N.D. Cal. 2005) (plaintiff's vapor money theory "has no basis in law" and has been "squarely addressed and rejected by various courts throughout the country."); *Roper v. Mortgage Electronic Registration Sys.*, 2007 WL 3244754 (E.D. Mich. 2007)).  Plaintiff's complaint, as to the portions that are based on the vapor money theory which the court deems to be the basis of Plaintiff's overall claim, fails to state a cognizable claim against Defendant.  To the extent that the Court's reading of Plaintiff's Complaint incorrectly finds the "vapor money" theory, the Court discusses each claim separately below.

### a. Counts I-III: 42 U.S.C. § 1983 and § 1985(3)

Plaintiff's Complaint generally alleges that Defendant Central Mortgage Company conspired with former Defendants Judge John C. Foster, a Circuit Court Judge, and Sheriff Anthony Wickersham, a Macomb County Sheriff, to deprive him of his federally protected rights.  These counts are styled as violations of either or both of 42 U.S.C. § 1983 and § 1985(3), which are both statutory vehicles for bringing such constitutional claims. As relief, Plaintiff seeks monetary damages.

As to Counts I, II, and III against Defendant, Plaintiff's Complaint makes reference to a variety of vaguely-stated constitutional claims generally complaining that Plaintiff was deprived of his rights pursuant to 42 U.S.C. § 1983.  To bring a claim pursuant to 42 U.S.C. § 1983, a plaintiff must establish: "'(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law'" (*Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).  Federal courts consider actions "under color of law" as the equivalent of "state action" under the Fourteenth Amendment (*Rendell-Baker v. Kohn*, 457 U.S. 830, 838).  The Fourteenth Amendment's Due Process Clause provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law . . ." (U.S. Const. amend. XIV, § 1).  This Amendment governs only state action, not the actions of private citizens or organizations (*Rendell-Baker v. Kohn*, 457 U.S. at 837-38).

As to Plaintiff's § 1985 claim in Count II, a claim of conspiracy to deprive an individual of federally-secured rights brought pursuant to 42 U.S.C. § 1985(3) also requires state action.  Since Plaintiff has failed to provide evidence of state action that deprived him of his rights, Counts I, II, and III are dismissed.

**b.  Count IV: Malicious Abuse of Process**

In Count IV, Plaintiff claims Defendant is liable for malicious abuse of process. An abuse of process claim requires the plaintiff to prove: "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding" (*Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981)).  Since Plaintiff has failed to assert or prove an ulterior motive by Defendant, Count IV is dismissed.

### c.  Count V: 18 U.S.C. § 241 & § 242: Conspiracy

As to Count V, 18 U.S.C. § 241 involves conspiracy to prevent a person from the free exercise of a legal right and 18 U.S.C. § 242 involves the deprivation of legal rights under the color of law.  Plaintiff has failed to plead facts sufficient to support a claim under 18 U.S.C. § 241 & § 242.  Plaintiff simply concludes that Defendants "conspired to deprive Plaintiff of his Constitutional rights," without providing facts to support such a claim.  The Court, therefore, dismisses Count V.

### d.  Count VI: Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, Plaintiff must prove: "(1) 'extreme and outrageous' conduct; (2) intent or recklessness; (3) causation; and (4) 'severe emotional distress'" (*Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985) (internal citations omitted)). Plaintiff allegations as to these claims are conclusory and not factually supported, and, therefore, Count VI is dismissed.

### e. Counts VII-VIII: Mail Fraud & Fraud

Plaintiff claims that Defendants engaged in mail fraud "when they fraudulently sent mail pertaining to a null and void Sheriff's Sale." Plaintiff does not specify which parties were involved and does not provide facts to support the claim. Plaintiff also claims that Defendant engaged in fraud. Rule 9(b) of the Federal Rules of Civil Procedure states, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff has failed to meet this requirement. For these reasons, Counts VII and VIII are dismissed.

### I.      CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss **[Docket No. 21, filed May 20, 2014]** is **GRANTED**.

**IT IS ALSO ORDERED** that the Plaintiff's Motions in Opposition to Defendant's Motion to Dismiss **[Docket Nos. 24 & 25, filed June 2, 2014]** are **DENIED.**

**IT IS ALSO ORDERED** that this case is dismissed and closed.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  October 31, 2014

7

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager